UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID CARTER, JR.,

     *Plaintiff*,

*v.*                           CASE NO. 13-cv-14982

COMMISSIONER OF          DISTRICT JUDGE PAUL D. BORMAN
SOCIAL SECURITY,        MAGISTRATE JUDGE CHARLES E.
                                  BINDER

     *Defendant*.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

## I.    RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**, that Defendant's Motion for Summary Judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), Fed. R. Civ. P. 5.2(c)(2)(B), E.D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation only addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

## II.   REPORT

### A.    Introduction and Procedural History

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for a period of disability and supplemental security income (SSI). The matter is currently before this Court on cross-motions for summary judgment.[2] (Docs. 9, 14.)

Plaintiff filed an application for a period of disability and SSI with a protective filing date of July 8, 2009, alleging that he became unable to work on February 25, 2009. (Transcript, Doc. 6, at 131.)  The claim was denied at the initial administrative stage. (*Id*.)

On January 26, 2011, Plaintiff appeared before Administrative Law Judge ("ALJ") Henry Perez, Jr., who considered the application for benefits *de novo*. (Tr. at 87-114.) In a decision dated July 22, 2011, the ALJ found that Plaintiff was not under a disability within the meaning of the Social Security Act from his alleged on-set date, February 25, 2009, through January 8, 2011, the date of Plaintiff's 55th birthday, at which time the applicable Medical-Vocational rule dictated he was disabled despite the jobs identified by the Vocational Expert (VE). (Tr. at 138.) Plaintiff requested Appeals Council review of this decision. (Tr. at 198.)

The Appeals Council affirmed the ALJ's finding of disability as of January 8, 2011,

---

[2]The Court has reviewed the pleadings and dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

but vacated the decision with respect to issue of disability before January 8, 2011 and remanded the case to the ALJ on February 6, 2013. (Tr. at 147-149.) The Appeals Council instructed the ALJ, on remand, to:

- Evaluate the severity and effects of claimant's mental impairment in accordance with 20 C.F.R. §416.920a;

- Include language in the decision explaining which findings from the prior (March 27, 2008) decision remain binding and which do not;

- If warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Ruling 83-14). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 C.F.R. §416.966). Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

(Tr. 147-148.)

Plaintiff again appeared and testified before the ALJ at a hearing held on May 8, 2013. (Tr. at 61-86.) In a decision dated May 20, 2013, the ALJ found that Plaintiff was not under a disability within the meaning of the Social Security Act at any time from July 8, 2009[3], through the date of Plaintiff's 55th birthday, January 8, 2011. (Tr. at 48-55.) Plaintiff again requested Appeals Council review of this decision. (Tr. at 44.)

_____

[3]Although Plaintiff alleges February 25, 2009 as his disability onset date, SSI is not payable prior to the month following the month in which the application is filed. 20 C.F.R. §416.335. Accordingly, the application date, rather than the disability onset date, is the relevant one for determining the inception of any period of disability.

The ALJ's decision became the final decision of the Commissioner, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004), on October 16, 2013, when the Appeals Council denied Plaintiff's request for review. (Tr. at 30-32.) On December 9, 2013, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision. (Doc. 1.)

### B.     Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "more than a scintilla . . . but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)(quoting *Cutlip v. Sec'y Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the

administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)(citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)(en banc)(citations omitted)).

"Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006)("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party")(citations omitted); *Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

### C.    Governing Law

Disability for purposes of SSI is defined as the:

[I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected

to result in death or which has lasted or can be expected to last for a continuous
period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). Plaintiff's Social

Security disability determination is to be made through the application of a five-step

sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity,
> benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination
> of impairments that "significantly limits . . . physical or mental ability to do
> basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has
> a severe impairment that is expected to last for at least twelve months, and the
> severe impairment meets or equals one of the impairments listed in the
> regulations, the claimant is conclusively presumed to be disabled regardless of
> age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work,
> benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant
> work, if other work exists in the national economy that plaintiff can perform,
> in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §416.920. *See also Heston,* 245 F.3d at 534. "If the Commissioner makes a

dispositive finding at any point in the five-step process, the review terminates." *Colvin v.*

*Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007).

"Through step four, the claimant bears the burden of proving the existence and

severity of limitations caused by [his] impairments and the fact that [he] is precluded from

performing [his] past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th

Cir. 2003)(cited with approval in *Cruse,* 502 F.3d 532, 540 (6th Cir. 2007)); *see also Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994)("[c]laimant bears the burden of proving his entitlement to benefits."). If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC [residual functional capacity] and considering relevant vocational factors." *Rogers,* 486 F.3d at 241 (citing 20 C.F.R. §§ 416.920(a)(4)(v), (g)); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), (g).

### D.    ALJ Findings

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since July 8, 2009. (Tr. at 50.)  At step two, the ALJ found that Plaintiff's gout, infected toe nails and heart disorder were serious impairments.  (*Id*.)  The ALJ also found that Plaintiff's depression constituted a non-severe impairment because the evidence did not establish that it caused more than minimal limitations of Plaintiff's ability to do basic work activities. (Tr. at 50-51.)  As a non-severe impairment, this condition was considered in combination with his severe impairments in assessing his claim.  (Tr. at 51.)  At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Tr. at 52.) The ALJ found that the Plaintiff had the residual functional capacity

(RFC) to

perform light work as defined in 20 C.F.R. §416.967(b) except can no more than frequently push or pull with bilateral lower extremities; requires an option to alternate between sitting and standing as needed, cannot climb ladders, ropes or scaffolds; may only occasionally climb stairs and ramps, balance, stoop, crouch, kneel or crawl; and must avoid concentrated exposure to respiratory irritants and hazards such as heights, moving machinery and driving.

(*Id*.)

At step four, the ALJ found that Plaintiff could not perform any of his past relevant work. (Tr. at 54.)  The ALJ also found that as of the alleged disability onset date, Plaintiff was fifty three years old, which put him in the "individual closely approaching advanced age" category. *See* 20 C.F.R. §416.963. At step five, the ALJ found that Plaintiff could perform a limited range of light, unskilled work and that he could perform several jobs that existed in significant numbers in the national economy. (*Id*.) Therefore, the ALJ found that Plaintiff was not disabled. (Tr. at 55.)

## E.    Administrative Record

A review of the relevant medical evidence contained in the administrative record does not reveal any diagnosis or treatment for Plaintiff's claimed depression.[4] (Tr. at 50.)  Dr. F. Qadir, a psychiatrist who conducted a consultative examination of Plaintiff in November 2009 concluded that Plaintiff's history was "not clear enough to make a determinative diagnosis." (Tr. at 415.)  Dr. Qadir noted that Plaintiff did not have a history of depression

---

[4]Because Plaintiff's arguments for remand are confined to the Commissioner's determination regarding his depression, a recitation of Plaintiff's treatment for his gout, infected toe nails and heart disorder, is unnecessary.

8

and was not seeking treatment from either a therapist or a psychiatrist.  (Tr. at 414.)  Dr. Qadir opined that Plaintiff's history and presentation indicated that he was suffering symptoms of depression, but not severe enough to cause hallucinations.  (*Id*.)  Dr. Qadir noted skepticism as to Plaintiff's claims of auditory hallucinations because he had not sought any psychiatric treatment and his history did not correspond with his presentation.  (*Id*.)

James Tripp, Ed.D., another State Agency psychological consultant, reviewed Plaintiff's records and opined that his affective disorder was not severe.  (Tr. at 419.)  He also determined that he had no limitations in activities of daily living, no difficulties in maintaining social functioning and only mild limitations in maintaining concentration, persistence and pace.  (Tr. at 429.)  Mr. Tripp noted that Plaintiff was not in psychiatric treatment and took no medication for his depression.  (Tr. at 431.)

At the administrative hearing, the ALJ asked the Vocational Expert ("VE") to consider an individual with Plaintiff's background who

has exertion limitations of lifting 20 pounds occasionally, ten pounds frequently, sitting, standing, walking six hours; frequent pushing and pulling with the bilateral lower extremities; sit/stand option as needed; no climbing ladders, ropes or scaffolds; occasionally climbing ramps and stairs; occasionally balancing, stooping, crouching, kneeling, and crawling; jobs that would avoid concentrated exposure to respiratory irritants and hazards...heights, moving machinery and driving.

(Tr. at 82-83.)   The VE testified that such a person could not perform Plaintiff's past relevant work but could perform the jobs at the light exertional level of assembly packaging and sorting (4,000 jobs regionally). (Tr. at 83.)

9

The VE was asked to consider the same hypothetical individual who, due to depression, pain and need to elevate his legs, would be off-task about 15% of the time.  (Tr. at 85.)  The VE responded that such a limitation would be work preclusive.  (*Id.*)  In response to Plaintiff's counsel's queries, the VE also testified that the need to take more than two days per month off due to Plaintiff's impairments and symptoms would be work preclusive. (Tr. at 86.)

**F.   Analysis**

Plaintiff contends that the ALJ's decision is not supported by substantial evidence. (Doc. 9.)  As noted earlier, if the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if this Court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan,* 474 F.3d at 833; *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

Plaintiff specifically contends that the ALJ's determination is not supported by substantial evidence because it did not designate Plaintiff's depression as a severe impairment, disregarded the GAF score assigned to Plaintiff by Dr. Qadir and ignored the effects of Plaintiff's mental impairments on his ability to work.

**1.   Severe Impairments at Step Two**

"In the Sixth Circuit, the severity determination is 'a de minimis hurdle in the disability determination process.'" *Anthony v. Astrue*, 266 Fed. App'x 451, 457 (6th Cir.

2008) (quoting *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988)). "[A]n impairment can be considered severe only if it is a slight abnormality that minimally affects work ability regardless of age, education and experience." *Higgs*, 880 F.2d at 862. The test is used to "screen out totally groundless claims." *Farris v. Sec'y of Health and Human Servs.*, 773 F.2d 85, 89 (6th Cir. 1985).

In the instant case, the ALJ found that Plaintiff's gout, infected toe nails and heart disorder were "severe" within the meaning of the second sequential step. (Tr. at 50.) Plaintiff contends that the ALJ improperly omitted Plaintiff's depression. (Doc. 9 at 539.) However, Plaintiff fails to recognize that once Step Two is "cleared" by a finding that some severe impairment exists, then the ALJ must consider a plaintiff's "severe and nonsevere impairments in the remaining steps of the sequential analysis." *Anthony*, 266 Fed. App'x at 457. "The fact that some of [plaintiff's] impairments were not deemed to be severe at step two is therefore legally irrelevant." *Id.* Consequently, any alleged omission from the list of severe impairments does not undermine the ALJ's decision.

## 2.    GAF Score

The Commissioner "has declined to endorse the [GAF] score for 'use in the Social Security and SSI disability programs,' and has indicated that [GAF] scores have no 'direct correlation to the severity requirements of the mental disorders listings.'" *Kennedy v. Astrue*, 247 F.App'x 761, 766 (6th Cir. 2007)(citations omitted). Accordingly, any decision to disregard the GAF score is of little consequence and would not undermine a decision

11

supported by substantial evidence.  *See Oliver v. Comm'r of Soc. Sec.*, 2011 WL 924688, at *4 (6th Cir. Mar. 17, 2011)(upholding ALJ's decision not to rely on GAF score of 48 because it was inconsistent with other substantial evidence in the record and noting that "GAF score is not particularly helpful by itself").

Here, the ALJ dismissed Dr. Qadir's GAF assessment of 48 because it was inconsistent with Dr. Qadir's other findings and impressions and his inability to make a definitive diagnosis. (Tr. at 51.)   Because GAF scores are of "little consequence" and "not particularly helpful by [themselves]," and because Plaintiff's GAF score of 48 was not supported by and inconsistent with other medical evidence of record, the ALJ's decision to disregard Dr. Qadir's GAF score was appropriate and supported by substantial evidence.  *See Kennedy*, 247 F.App'x at 766; *see Oliver*, 2011 WL 924688, at *4; *see also Turcus v. Soc. Sec. Admin.*, 110 F.App'x 630, 632 (6th Cir. 2004).

I also note that Plaintiff was never treated by a therapist or psychiatrist, was never hospitalized for mental impairments, and was never prescribed medication to treat depression.  Such modest treatment is inconsistent with a finding of disability. *See Helm v. Comm'r of Soc. Sec.*, 405 F. App'x 997, 1001 (6th Cir. 2011); *Myatt v. Comm'r of Soc. Sec.*, 251 F. App'x 332, 334-35 (6th Cir. 2007).

3.      **RFC**

Plaintiff argues that the ALJ's determination of non-disability is not supported by substantial evidence because the developed RFC does not address Plaintiff's mental impairments and nonexertional limitations. (Doc. 9.)  Contrary to Plaintiff's argument, the

12

ALJ specifically considered Plaintiff's alleged depression in combination with his severe impairments. (Tr. at 51.) In so doing, the ALJ, relying on State Agency consultants James Tripp, Ed.D. and Dr. Qadir, determined that Plaintiff's depression imposed no limitations on his activities of daily living and social functioning, and only mild limitations in concentration, persistence and pace. (*Id.*;Tr. at 414, 429.) Given the lack of evidence to support functional limitations from Plaintiff's mental impairment, I agree with the ALJ that there is nothing in the evidence of record to warrant restrictions beyond the range of limited light exertional work set forth in the RFC determination. *See Helm*, 405 Fed. Appx. at 1001 (a claimant must do more than show she is severely impaired; the impairment must result in functional limitations). Accordingly, the ALJ's RFC and his determination that Plaintiff is not disabled are supported by substantial evidence.

### G.    Conclusion

For all these reasons, after review of the record, I suggest that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way without interference from the courts," *Felisky*, 35 F.3d at 1035, as the decision is supported by substantial evidence.

## III.    <u>REVIEW</u>

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further

right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985);

*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431

F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but

failing to raise others, will not preserve all the objections a party may have to this Report and

Recommendation.  *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

Magistrate Judge.

     Within fourteen (14) days of service of any objecting party's timely filed objections,

the opposing party may file a response.  The response shall be concise, but commensurate

in detail with the objections, and shall address specifically, and in the same order raised, each

issue contained within the objections.


     s/ Charles E Binder

     CHARLES E. BINDER

Dated: December 15, 2014     United States Magistrate Judge

14