UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID CARTER, JR.,

          Plaintiff,                          Case No. 13-cv-14982

                                                  Paul D. Borman

v.                                           United States District Judge

COMMISSIONER OF SOCIAL           Charles E. Binder
SECURITY,                             United States Magistrate Judge

          Defendant.
_____/

OPINION AND ORDER (1) DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE BINDER'S DECEMBER 15, 2014 REPORT AND RECOMMENDATION (16), (2) ADOPTING THE REPORT AND RECOMMENDATION (ECF NO. 15), (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 14), (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 9), and (5) AFFIRMING THE FINDINGS OF THE COMMISSIONER

The matter is before the Court on Plaintiff's Objections (ECF No. 16) to Magistrate Judge Binder's December 15, 2014 Report and Recommendation (ECF No. 15). Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court DENIES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, GRANTS Defendant's Motion for Summary Judgment, DENIES Plaintiff's Motion for Summary Judgment, and AFFIRMS the findings of the Commissioner.

## I.    BACKGROUND

The Magistrate Judge adequately summarized the background of this case in his December 15, 2014 Report and Recommendation and the Court adopts that summary here. (ECF No. 15,

Report and Recommendation 2-4.)  In these Objections, Plaintiff claims that Administrative Law Judge ("ALJ") Henry Perez and the Magistrate Judge, failed to give Plaintiff's mental disability sufficient weight when arriving at Plaintiff's residual functional capacity ("RFC").  ALJ Perez was called upon to address whether Plaintiff was disabled at any time from his alleged onset date of February 25, 2009 through January 7, 2011.  A prior ALJ decision was issued on July 22, 2011 finding Plaintiff disabled as of January 8, 2011.  The Appeals Council upheld that prior decision but vacated and remanded with regard to the time frame at issue here, i.e. February 25, 2009 through January 7, 2011, specifically directing an evaluation of the Plaintiff's "mental impairment in accordance with the special technique described in 20 CFR 416.920a and, if warranted, to obtain additional testimony from a vocational expert."  (ECF No. 6, Transcript of Proceedings 19) (hereinafter "Tr. at __") (citations to the Transcript page number).  Plaintiff appeared before ALJ Perez on May 8, 2013, and gave testimony.  A vocational expert, Michael E. Rosko, also appeared at the hearing and gave testimony.  *Id.*

As directed by the Appeals Council, ALJ Perez extensively evaluated Plaintiff's alleged mental impairments and found them to be non-severe, concluding that they had "no more than a minimal impact on Plaintiff's ability to perform work related activities." *Id.* at 21.  In support of this conclusion, ALJ Perez noted that there was no direct evidence that Plaintiff had ever received any form of treatment or sought counseling for a depressive disorder and also relied on the report of the consultative psychiatrist, Dr. F. Qadir, who examined Plaintiff in November, 2009, and concluded that Plaintiff's history of psychological impairment did not support his claims of hallucinations and was "not clear enough to make a definitive diagnosis."  *Id.* at 21-22.  Similarly, a State agency psychological consultant, James Tripp, who reviewed Plaintiff's records as of January 19, 2010,

2

concluded that Plaintiff's impairments "were not severe." *Id*. at 22. Finding no new evidence to the contrary, the ALJ found that Plaintiff's alleged depression was not a severe impairment. The ALJ expressly noted that he was giving limited weight to Plaintiff's GAF score of 48 in view of Dr. Qadir's conclusions. ALJ Perez concluded that to the extent that Dr. Prasad had noted that Plaintiff "probably has mental depression," this suggestion was discounted because Dr. Prasad is an internist, not a psychiatrist, and because his observations were based solely on Plaintiff's subjective complaints. *Id*.

Although finding Plaintiff's depression to be non-severe, ALJ Perez considered Plaintiff's claims of depression in combination with his severe impairments of gout, infected toenails and heart disorder in evaluating Plaintiff's claims. *Id*. at 22. As directed by the Appeals Council, the ALJ considered the four broad functional areas set out in the disability regulations and found that Plaintiff's alleged mental impairment: (1) imposed no limitation on his daily living and social functioning based on the overall lack of record evidence demonstrating psychiatric difficulties in these areas and the consultative psychological exam; (2) imposed mild limitation on Plaintiff's concentration, persistence and pace based upon the findings of James Tripp and the consultative examiner that Plaintiff demonstrated good memory and intact judgment; and (3) had caused no demonstrated episodes of decompensation of extended duration. *Id*. at 22.

The ALJ also noted the somewhat unique position he was in with regard to the Appeals Council remand because he was considering only that evidence from a period of time (February 25, 2009 - January 7, 2011) before the period (January 7, 2011 forward) as to which Plaintiff had been determined disabled due to his worsening heart condition. *Id*. at 24. The ALJ reviewed the evidence, conducted the hearing, weighed the evidence, evaluated Plaintiff's credibility and

concluded that "the objective medical evidence for the current period in question is limited and does not support the degree of limitations alleged." *Id.*

## II.     STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247.

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider."  *Id.* (internal quotation marks and citation omitted).  A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Specific objections enable the Court to focus on the particular issues in contention.  An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection.  *Id.* Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."  *Id.*

III.   **ANALYSIS**

Plaintiff's Objections speak generally about "evidence" that the ALJ and the Magistrate Judge "misconstrued" or "overlooked" but fails to direct the Court's attention to that record evidence.  Plaintiff further discusses the legal framework for analyzing mental impairments, but fails to explain what evidence in the record suggests that the ALJ and the Magistrate Judge incorrectly applied the legal analysis to the facts of this case.  For example, Plaintiff states that "the ALJ and

the Magistrate Judge misconstrued medical evidence and testimony that ultimately resulted in an inadequate RFC to address Plaintiff's needs." Objs. 2. Plaintiff fails, however, to direct the Court to this "evidence" in the record. In fact, there is not one citation to the record in Plaintiff's Objections. The only reference to the record evidence is to the "inconsistent statements of Dr. Qadir," which are then not further identified or discussed. By contrast, the ALJ and the Magistrate Judge both discussed Dr. Qadir's findings which led him to conclude that Plaintiff's claims of hallucinations were unsupported by his clinical presentation and that any depression he was suffering was not severe enough to cause hallucinations. In combination with this opinion, both the ALJ and the Magistrate Judge discussed the opinion of James Tripp, who conducted a psychological consultative review of Plaintiff's record, and also concluded that Plaintiff's affective disorder was not severe and imposed no limitations in the area of daily living and social functioning and only mild limitations in maintaining concentration, persistence and pace. Tr. at 395. The Magistrate Judge also correctly concluded that the ALJ's decision to give limited weight to Plaintiff's GAF score of 48 was well explained and was supported by the record evidence regarding the severity of Plaintiff's claimed mental impairments.

In assessing the impact of Plaintiff's alleged depression on his ability to work, the ALJ followed the directive of the Appeals Council and relied on the findings of Dr. Qadir and the consultative psychological exam, both of which led those examiners to conclude that Plaintiff's depression imposed no limitations on Plaintiff's social functioning and activities of daily living and only mild limitations on concentration, persistence and pace. The Plaintiff's Objections do not direct the Court to any contrary record evidence that would suggest that the ALJ's conclusion was outside "the zone of choice" within which he is authorized to operate "without interference from the courts."

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).  Magistrate Judge Binder correctly concluded

that the ALJ's decision is supported by substantial evidence.

## IV.   CONCLUSION

For the foregoing reasons, the Court:

(1) DENIES Plaintiff's Objections (ECF No. 16);

(2) GRANTS the Defendant's Motion for Summary Judgment (ECF No. 14);

(3) DENIES Plaintiff's Motion for Summary Judgment (ECF No. 9);

(4) ADOPTS Magistrate Judge Binder's Report and Recommendation (ECF No. 15); and

(5) AFFIRMS the findings of the Commissioner.

IT IS SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 17, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party
of record herein by electronic means or first class U.S. mail on February 17, 2015.


s/Deborah Tofil
Case Manager